FRIEDMAN *v.* EISENBERG.

(*City Court of New York, Special Term.* March, 1889.)

COSTS—WHO IS ENTITLED TO—SET-OFF.

Where a plaintiff sued for $475, and the defendant interposed a counter-claim for $146, and the plaintiff recovered a verdict for the difference between these two amounts, *held*, that the plaintiff was entitled to costs.

(*Syllabus by the Court.*)

Action by Betsey Friedman against Israel H. Eisenberg, to recover $475. Defendant appeals from the clerk's taxation of costs.

*H. Fox*, for plaintiff.   *C. Meyers*, for defendant.

McADAM, C. J.   The plaintiff sued for $475.   The defendant admitted the debt, and pleaded a counter-claim of $146, the existence of which was disputed by the plaintiff.   On the trial, the jury allowed the counter-claim, and gave the plaintiff a verdict for the difference between it and the claim.   The clerk taxed a full bill of costs in favor of the plaintiff, under defendant's objection, and refused to tax the defendant's bill, which claimed costs from the time the answer was served.   The clerk was right.   The counter-claim was used substantially as a payment *pro tanto*, and, if the defendant intended to stop the running of costs, he should have served an offer to allow judgment, under section 738 of the Code.   The plaintiff did not apply for a severance of the admitted part of the claim, (Code, § 511,) and what might have resulted if he had, need not be considered now.   Both parties went to trial on the pleadings as originally framed, and it is nothing more nor less than a case where the plaintiff sued on contract, and recovered more than $50, and became entitled as of course to a full bill of costs.   Id. § 3228.   It does not fall under any of the exceptions to this rule.   Taxation affirmed.